# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 3:11 CR 00034-1 |
| | ) | Judge Marvin E. Aspen |
| DAVID E. MILLER | ) | |

## ORDER

On May 11, 2012, a jury found David Miller guilty of two counts of making false statements to a bank in violation of 18 U.S.C. § 1014 (Counts One and Four) and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Counts Two and Three). On November 19, 2012, I sentenced Miller to twenty-one months custody on Counts One and Four, to run concurrently, and twenty-four months custody on Counts Two and Three, to run concurrently to each other and consecutively to the term imposed for Counts One and Four. I thus sentenced Miller to a total term of forty-five months imprisonment, along with a total term of supervised release of two years. (11/28/13 Am. Judgment (Dkt. No. 124).) I supplemented my oral findings expressed at the sentencing hearing by written opinion dated December 10, 2012. (12/10/12 Sentencing Op. (Dkt. No. 134).)

Miller promptly appealed, and the United States Court of Appeals for the Sixth Circuit affirmed his conviction on Count One of the Indictment for making false statements to a bank. *U.S. v. Miller*, 734 F.3d 530, 536–39 (6th Cir. 2013). In addition, the Sixth Circuit reversed Miller's conviction on the other three counts, vacated his sentence, and remanded the matter to me for further proceedings consistent with its mandate. *Id.* at 539–43 (applying the rule of lenity

1

as to Counts Two and Three, in a case of first impression, to conclude that Miller did not "use" a means of identification within the meaning of § 1028A, and further holding that Miller did not make a false statement under § 1014 when he signed the renewal agreement for purposes of Count Four).

Consistent with the Sixth Circuit's opinion, I held a resentencing hearing on April 28 and 29, 2014. During the course of the hearing, I addressed Miller's objections to the sentencing guideline calculations contained in the supplemental Presentence Report prepared by Probation in preparation for the resentencing. I allowed the parties to present, and cross-examine, several witnesses. As reflected in the hearing transcripts, I also received, reviewed, and entered into the record numerous character letters submitted on behalf of Miller. (*See* 4/29/14 Hrg. Tr. at 3, 35 (Dkt. No. 171).) At the conclusion of the hearing, I sentenced Miller to thirty months custody on Count One, with a two-year term of supervised release.[1] (*Id.* at 34.) This order supplements the oral findings expressed at the sentencing hearing.

**A.     Objections to the Presentence Report**

   *1.     Miller's Objections*

Prior to and during the April 28, 2014 sentencing hearing, Miller reiterated two objections to the guideline calculations included in the Presentence Report. (*See* Def.'s Position at 1–3 (Dkt. No. 155).) As in the 2012 proceedings, Miller specifically objected to: (1) a twelve-level enhancement to his offense level based on the amount of loss; and (2) a two-level

---

[1] The Sixth Circuit's opinion did not require alteration of the forfeiture rulings previously entered as to Count One. (*See* 11/28/13 Am. Judgment at 6; 12/10/12 Forfeiture Op. (Dkt. No. 133).) As stated at the resentencing, the prior forfeiture order has been reinstated in all respects, for the same reasons expressed in 2012. (5/5/14 Am. Judgment at 6; *see* 4/29/14 Hrg. Tr. at 39.)

2

enhancement for obstruction of justice. (*Id.*) With respect to these objections, the parties relied on the arguments raised in 2012 and as presented in their respective filings. As indicated at the April 28, 2014 hearing, my rulings also remain the same, and Miller's renewed objections to these two enhancements are overruled. (*See* 12/10/12 Sentencing Op. (addressing the merits of Miller's objections in detail).)

Miller further objected to the inclusion of the word "fraudulently" in paragraph 23 of the Presentence Report. (Def.'s Position at 2–3.) The Government did not challenge Miller's request that the clause "by way of a false statement" replace "fraudulently" in paragraph 23. As stated in the April 28, 2014 hearing, Miller's objection is sustained, and I have ordered the amendment to paragraph 23.

    *2.*    ***Government's Objection***

The Government also submitted an objection in preparation for the resentencing hearing. (Gov't's Position at 1.) The Government objected to the Presentence Report's finding that the loss at issue is $337,500, the amount of the First Bank loan. (*Id.*) As the Government rightly pointed out, I previously concluded that the loss at issue totals $392,248, representing the actual loss of the loan amount plus a loss of $54,748 for Miller's related conduct (namely, the diversion of funds from Fellowship Investors, LLC). (12/10/12 Sentencing Op. at 2–7.) I reaffirmed that prior ruling at the April 28, 2014 hearing and hereby order the amendment of the Presentence Report as needed to reflect the loss amount of $392,248.

**B.**    **Length of Custodial Sentence**

Based on Miller's total offense level and criminal history category, the Sentencing Guidelines again suggested a range of 46 to 57 months imprisonment for Count One. Asserting

that the above-mentioned enhancements were not warranted and that his sentence could not exceed the twenty-one months previously imposed on Count One, Miller requested a sentence of time served. (Def.'s Sent. Mem. at 1, 4, 8–9.) The Government, for its part, requested a sentence of forty-five months on Count One.

"A criminal sentence is a package of sanctions that the district court utilizes to effectuate its sentencing intent," and this package may be reconfigured at resentencing as appropriate to satisfy the factors described in 18 U.S.C. § 3553(a). *See, e.g.*, *Pepper v. U.S.*, — U.S. —, 131 S. Ct. 1229, 1251 (2011) (internal quotation omitted). Indeed, "[o]n remand, a district court may impose a different sentence as long as it is consistent with the appellate decision and mandate . . . and is not based on vindictiveness." *U.S. v. Abboud*, 441 F. App'x 331, 335 (6th Cir. 2011); *see U.S. v. McFalls*, 675 F.3d 599, 605 (6th Cir. 2012) (discussing the district court's authority to resentence a defendant de novo after a general remand); *U.S. v. Moore*, 131 F.3d 595, 597 (6th Cir. 1997) ("A general remand allows the district court to resentence the defendant de novo, which means that the district court may redo the entire sentencing process including considering new evidence and issues.").

Pursuant to the Sixth Circuit's general remand, I took a "fresh look" at this case. *See, e.g.*, *U.S. v. Davis*, 485 F. App'x 762, 763 (6th Cir. 2012). (*See* 4/29/14 Hrg. Tr. at 32 (noting that we must "go back to the drawing board" for Miller's resentencing).) As indicated at the hearing, I found that the resentencing on Count One must take into account the same underlying conduct as presented at the original sentencing. (4/29/14 Hrg. Tr. at 32.) I entertained the parties' objections and arguments, heard from witnesses, reviewed letters, and offered Miller an opportunity for allocution. I considered all of the information available in the record, not only

about the nature of Miller's crime of conviction, but also about Miller, his personal and work history, his post-conviction conduct, his family, his community and religious activities, and the remarkable amount of support offered by his extensive network of family and friends. Bearing in mind Miller's age, history of charitable works, productivity since conviction, low likelihood of recidivism, and all other relevant circumstances, I concluded that a departure and/or variance from the recommended Sentencing Guidelines range was appropriate.

Although I commented at the April 29, 2014 hearing that I was "departing to reach the sentencing range we did before," that remark was not entirely accurate. (4/29/14 Hrg. Tr. at 33.) The seven-level departure I granted Miller when fashioning his sentence in 2012 was based in part on a finding that his criminal conduct involved aberrant behavior. (*See* 11/19/12 Hrg. Tr. at 167–69.) In the current proceedings, however, Miller expressly did not seek a departure based on aberrant behavior, and I did not consider this particular grounds for departure. (4/29/14 Hrg. Tr. at 30–31 (noting that "he's not raising aberrant behavior . . . and I won't consider it".) Thus, when electing to grant a departure under these changed circumstances, I did not credit Miller with the seven levels previously afforded him. Instead, I elected to depart approximately five levels in my April 29, 2014 ruling, resulting in a guideline range of roughly twenty-seven to thirty-three months' incarceration for Count One.[2] With such a range in mind, and weighing the totality of the circumstances and evidence before me, I imposed a custodial sentence of thirty months followed by a two-year term of supervised release.[3] (*See, e.g.*, 4/29/14 Hrg. Tr. at

---

[2] Departures of four, five, or six levels encompass a thirty-month custodial sentence. *See* U.S. Sentencing Comm. Guidelines Manual ch.5, Pt.A (Sentencing Table, dated 11/1/13).

[3] As I did in 2012, and for the same reasons I entered the downward departure at the resentencing hearing, I varied from the advisory guideline system to reach the thirty-month

5

28–34.)

Miller objected to the sentence, on the grounds that it could not exceed the twenty-one months previously imposed on Count One. Citing to 18 U.S.C. § 1028A(b)(3), Miller argued that, when crafting the original forty-five month sentence, I could not have considered the mandatory twenty-four month term on Counts Two and Three. According to Miller, because I was required to ignore that mandatory component of the sentence for Miller, the twenty-one month term imposed in 2012 must have been a separate, divisible term marking the upper limits of an appropriate sentence on Count One. (*See, e.g.*, 4/29/14 Hrg. Tr. at 37–38.) Thus, on remand I was bound to respect the prior twenty-one month sentence on Count One and start my analysis and reconfiguration of the sentence from that point. This argument is not persuasive for two reasons. First, the Sixth Circuit vacated the 2012 sentence along with Miller's convictions on Counts Two through Four. As the prior sentence no longer exists, it is not binding. Second, to the extent Miller argues that I erred in entering a lighter sentence in 2012 on Count One than 18 U.S.C. § 1028A(b)(3) would permit, I need not repeat the mistake here to Miller's further advantage.

---

custodial sentence. I reiterate that this sentence sufficiently reflects the seriousness of Miller's offense, promotes respect for the law, provides just punishment, and deters criminal conduct, while also accounting for the circumstances specific to Miller, as an individual, and his crime.

**CONCLUSION**

For the reasons elaborated above, and as indicated at the April 28 and 29, 2014 hearing, Miller shall serve a total of thirty months in custody, followed by a two-year term of supervised release. He shall abide by the conditions set forth in the Court's May 5, 2014 Amended Judgment. As stated therein and at the hearing, I recommend that the Bureau of Prisons consider Miller's request for a furlough to visit his ailing father. (Am. Judgment at 2; 4/29/14 Hrg. Tr. at 34.) It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated:      Chicago, Illinois
               May 27, 2014